# 22-843

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

◆◆◆

JANE DOE,

*Plaintiff-Appellant,*

—against—

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, KEVIN MCALEENAN, IN HIS OFFICIAL CAPACITY AS ACTING SECRETARY OF US DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, MATTHEW T. ALBENCE, ACTING DIRECTOR OF US IMMIGRATION AND CUSTOMS ENFORCEMENT, WILFREDO RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS AN AGENT OF US IMMIGRATION AND CUSTOMS AND IN HIS INDIVIDUAL CAPACITY,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (NEW HAVEN)

## BRIEF FOR DEFENDANT-APPELLEE WILFREDO RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS AN AGENT OF US IMMIGRATION AND CUSTOMS AND IN HIS INDIVIDUAL CAPACITY

TRENT A. LALIMA
VIRGINIA GILLETTE
SANTOS & LALIMA
50 Russ Street
Hartford, Connecticut 06106
(860) 249-6548

*Attorneys for Defendant-Appellee
Wilfredo Rodriguez*

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ............................................................... ii

SUMMARY OF ARGUMENT .............................................................. 1

STATEMENT OF STANDARD OF REVIEW ................................. 1

ARGUMENT ................................................................................... 2

    I.    Equitable Tolling ............................................................... 2

        A. These Are Not Extraordinary Circumstances ..................... 3

        B. If There Were Extraordinary Circumstances, They
           Ended in 2014 ................................................................. 7

        C. There Was No Diligent Pursuit of Rights ....................... 8

CONCLUSION ............................................................................. 13

## TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*,
 403 U.S. 388 (1971) .................................................................. 2

*Chin v. Bowen*,
 833 F.2d 21 (2d Cir. 1987) ...................................................... 2

*Clark v. Hanley*,
 No. 18-cv-1765-JAM, 2022 WL 124298 (D. Conn. 2022) ....... 4, 5, 6, 7

*Davis v. Jackson*,
 No. 15-CV-5359 (KMK), 2018 WL 358089 (S.D. New York Jan. 8, 2018) ................................................................................. 9

*Goldblatt v. Nat'l Credit Union Admin.*,
 502 Fed. Appx. 53 (2d Cir. 2008) ............................................. 9

*Hengjin Sun v. China 1221, Inc.*,
 No. 12-CV-7135, 2015 WL 5542919 (S.D.N.Y. August 12, 2015) ...... 9

*Noguera v. Hasty*,
 No. 99-CIV.-8786-KMWAJP, 2001 WL 243535 (S.D.N.Y. Mar. 12, 2001) ................................................................................. 7

*Phillips v. Generations Family Health Ctr.*,
 723 F.3d 144 (2d Cir. 2013) ..................................................... 1

*Quezada v. Capra*,
 No. 13-CV-8574, 2015 WL 2130217 (S.D.N.Y. May 6, 2015) .......... 9

*Rashid v. Mukasey*,
 533 F.3d 127 (2d Cir. 2008) ..................................................... 9

*Rosario v. Brennan*,
 197 F.Supp.3d 406 (D. Conn. 2016) ........................................ 8, 9

**Statutes**

42 U.S.C. § 1983 .......................................................................... 2

Conn. Gen. Stat. § 52-577 ............................................................ 2

## SUMMARY OF ARGUMENT

The district court (*Merriam, J.*) determined that, based on the undisputed facts in this case, the matter was time-barred and granted summary judgment to the government Defendants and Defendant-Appellee Rodriguez. The Plaintiff-Appellant does not dispute that her action in this case is not barred by the three-year statute of limitations, excepting for an equitable tolling argument. However, Doe's arguments on equitable tolling (1) do not establish extraordinary circumstances for a sufficient time period such that she met the statute of limitations, and (2) do not establish **any** diligent pursuit of her rights through any conduct whatsoever until 2018, after the three-year statute of limitations had elapsed. The district court's grant of summary judgment was therefore correct, and this Court should affirm.

## STATEMENT OF STANDARD OF REVIEW

The standard of review for the district court's factual findings is clear error, for legal basis is *de novo*, and, where both are defensible and the court is "within the range of possible decisions", the decision is reviewed for abuse of discretion. (Internal citations and quotation marks omitted.) *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 149 (2d Cir. 2013).

1

## ARGUMENT

I.     **Equitable Tolling**

The claim against Rodriguez, though not explicitly cited as such, sounds in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The claim, similar to a § 1983 claim, therefore relies on the statute of limitations set forth in Connecticut state law. *See Chin v. Bowen*, 833 F.2d 21, 23. (The federal action and conduct both entirely took place in Connecticut.) The most analogous to the instant claim is Connecticut statute of limitations is § 52-577, which sets a three-year limit, "from the date of the act or omission complained of," for any tort action. Conn. Gen. Stat. § 52-577. Though Doe's brief does not cite this statute, the brief does cite to a "three year statute of limitations" to open its argument, and therefore it seems undisputed. Doe Brief at 10. Doe, however, alleged equitable tolling in her complaint. A18, para. 112. The parties do not dispute the general principles underlying an equitable tolling finding: It applies "only in 'rare and exceptional circumstances,' where there are 'extraordinary circumstances [that] prevented a party from timely performing a required act' and only if 'the party acted with reasonable diligence throughout the period he sought to toll." Doe Brief at 13, citing *Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005). Doe, however, cannot fulfill the two prongs she cites.

2

### A. These Are Not Extraordinary Circumstances

As an initial matter, the facts of this case are not sufficient to demonstrate "extraordinary circumstances." Rodriguez's conduct, in allegedly threatening to retaliate against Doe if she reported the alleged assaults, is not uncommon in these cases. In cases of assault, bad actors often threaten to harm victims in order to ensure their silence. Doe cites to the allegation that Rodriguez threatened to kill Doe, harm her family, and allegedly burnt her with metal as support, but these factors are not unique. Any person engaged in alleged violent sexual assaults could engage in or threaten such conduct.

The one potentially more unique aspect is that Rodriguez was an ICE agent. Doe claims Rodriguez threatened to deport her family if she reported the assaults. A139, lines 15-18. But, this unique factor disappeared in 2014, more than three years prior to Doe taking action in 2018 to pursue her claim, when Rodriguez retired. It is an undisputed fact that Doe was aware in 2014 that Rodriguez was retiring. A21, para. 5. If the unusual factor of Rodriguez's status as an ICE agent truly was the extraordinary factor preventing Doe from pursuing her claim, then she still could have pursued her claim within three years of his retirement. She did not. Additionally, it is not credible to claim Doe's fear about her family's potential deportation was the extraordinary circumstance delaying her. It is undisputed that Doe disclosed the assaults to absolutely no one until May 2018, when she met with

3

ICE officers. *Id.*, para. 6-7. At that time, her father was facing deportation, and petitioning to prevent his removal. *Id.* If she was affected by Rodriguez's threats of working to deport her family if she reported the assaults, then the proceedings against her father would have exacerbated that fear. Doe's fear of her family being deported by ICE would be at its peak while seeing her father restrained by ICE officers and that would make her less likely to disclose; instead, this is the exact moment she disclosed. A186. Doe alleges no connection between her father's impending deportation and her disclosing in May 2018, but the most reasonable inference is one made by the district court: "Plaintiff's belated disclosure at that time appears to have been related to the risk that her father would be deported." Ruling, SA-21. Doe's deposition testimony directly supports this inference. When asked why she reported the assaults, she responded, "Because I was not going to allow my father to be deported…I wanted my father to be able to stay here." A222-23.

The Plaintiff-Appellant Doe relies on two cases in her brief.

First, she cites to *Clark v. Hanley*, both this Court's order of remand in *Clark*, 19-502; A45, and the trial court's subsequent handling of that remand, No. 3:18-cv-1765 (JAM). The history of the *Clark* case undermines Doe's reliance upon it and demonstrates that *Clark* supports affirming the instant case. Doe notes that the Court remanded the *Clark* matter, with instructions that the district court

4

should consider that plaintiff's equitable tolling arguments and whether "terror and harassment" alleged by the plaintiff were "extraordinary circumstances". Doe Brief at 11. The context is important. This Court's order was not a decision following briefing and argument, but instead merely an order issued in response to a *pro se* motion to proceed in forma pauperis. A45. Notably, in *Clark*, the plaintiff had filed the case without counsel, and the judge's initial order dismissing the case on statute of limitations grounds was done *sua sponte* without allowing briefing or argument. *Id.* This Court's order was not remand with instructions to find the allegations actually were extraordinary circumstances, but merely an order to the district court to allow the plaintiff an opportunity to argue tolling and consider appointing counsel. Underlining this point, this Court's order cited one case, which related to a litigant's right to noticed be heard and did not relate to equitable tolling whatsoever. *Id.* This Court's *Clark* order is inapplicable to this case, where (1) the summary judgment motion was filed by Defendants, (2) and the Plaintiff-Appellant had competent counsel of her choice (3) who were afforded the opportunity to file and did in fact file a memorandum in opposition. *See* A30.

 Doe then cites to some findings of *Clark* in the trial court's subsequent orders in the case and compares it to the alleged facts in this case. Doe Brief at 11-14. Doe's discussion of the case does not make clear, however, that the district court did find equitable tolling requirements were not met and dismissed. *Clark v.*

*Hanley*, No. 18-cv-1765-JAM, 2022 WL 124298 (D. Conn. 2022) at *9. Doe does not cite to the aspects of *Clark* which are analogous to this case. For example, in both the instant case and *Clark*, the equitable tolling claims were based on allegations of a fear of retaliation. In both cases, the alleged wrongdoer defendant left his position of power over the plaintiff a sufficient time period prior to the plaintiff's actual legal action for the claim to still be time-barred – Rodriguez retired in 2014 prior to a 2018 claim, and Hanley resigned in 2011 prior to a 2018 claim. *Id.* at *2.

There are some key differences between this case and *Clark*, which further support finding the facts in this case are not extraordinary circumstances. *Clark* involved a prisoner without the right to free and unsupervised communications, and subject to retaliation from numerous staff members. *Id.* at *4-*5. In the present case, Doe was not a prisoner, and there is no allegation that other federal officials were likely to protect Rodriguez. While *Clark* made the claim she could not file suit because one of many staff members could retaliate, Doe was not imprisoned, could have contacted anyone she wished on an unrecorded line, including but not limited to an attorney subject to attorney-client privilege. Doe was gainfully employed as a supervisor installing insulation, to the point where she even claims she lent $10,000 to Rodriguez to buy furniture, and electronics. A247-48, A252-53. She was not indigent, and had the capability to consult with an attorney if

6

necessary. In *Clark*, the plaintiff claimed insults from an unnamed correction officer acquainted with one of the defendants contributed to reasonable fear of retaliation. *Id.* at *4-*5. In this case, the only allegation is that Rodriguez acted alone. Doe worked closely with multiple other law enforcement agents to whom she could have reported the allegations. Just as in *Clark*, this Court should find the plaintiff has not met the burden of proving extraordinary circumstances.

**B. If There Were Extraordinary Circumstances, They Ended in 2014**

Doe also cites *Noguera v. Hasty*, No. 99-CIV.-8786-KMWAJP, 2001 WL 243535 (S.D.N.Y. Mar. 12, 2001), in claiming that verbal and physical threats can support equitable tolling. Doe Brief at 14-15. In *Noguera*, a prison inmate waited until after the tortfeasor correction officer retired from her facility, and the district court determined the statute of limitations tolled until the date of that retirement. *Noguera v. Hasty*, *supra*, 2001 WL 243535 at *6. Doe concedes that *Noguera* was already considered by the district court in this case, which determined that even if the statute of limitations were tolled until the end of 2014, to account for Rodriguez's retirement, then Doe still would not have complied with the three-year statute of limitations. Doe Brief at 15, citing Ruling, SA-16-SA-17. Doe argues the plaintiff is *Noguera* was better off in prison than Doe was on the outside, but this argument is unconvincing. As a prisoner, Noguera had significantly reduced rights, was in an environment with other potentially violent or dangerous persons, and

7

was subject to monitored communications and potential punishments by prison officers without due process. It is not credible to assert that Doe's fear of ICE officer Rodriguez outside of prison, with her ability to call local police or federal authorities, was more intense than Noguera's fear of retaliation from correction officers or other inmates while incarcerated.

The district court in this case determined *Noguera* supports the finding that, even if this Court credited Doe's argument that Rodriguez's conduct constituted extraordinary circumstances, that conduct and thus any tolling ended in 2014 and does not save Doe's claim. This Court should find similarly.

**C. There Was No Diligent Pursuit of Rights**

Whether this Court finds any conduct in this case was an "extraordinary circumstance" which can satisfy the first prong of the equitable tolling analysis, there is no claim whatsoever that the Plaintiff-Appellant pursued her rights with any diligence until 2018, after the statute of limitations had expired. Indeed, there is no claim she took any action to pursue her rights at all.

Settled law establishes that this is an indispensable part of the inquiry into equitable tolling: a Plaintiff "bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way." *Rosario v. Brennan*, 197 F.Supp.3d 406, 412-13 (D. Conn. 2016) (case citation omitted). Both prongs must be satisfied to be

8

entitled to equitable tolling. *Id.*; *Goldblatt v. Nat'l Credit Union Admin.*, 502 Fed. Appx. 53, 55 (2d Cir. 2008); *Rashid v. Mukasey*, 533 F.3d 127, 130-131 (2d Cir. 2008). As related to the first prong, "[e]valuating the amount of effort put forth is a critical component of the diligence inquiry, and the lack of allegations regarding what efforts were taken is fatal to Plaintiff's claim." *Davis v. Jackson*, Case No. 15-CV-5359 (KMK), 2018 WL 358089, at *7 (S.D. New York Jan. 8, 2018) (citing *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) ("[T]he diligence requirement of equitable tolling imposes ... a substantial obligation to make all reasonable efforts to obtain assistance*."); Hengjin Sun v. China* 1221, Inc., 12–CV–7135, 2015 WL 5542919, at *7 (S.D.N.Y. August 12, 2015) (refusing to apply equitable tolling where the plaintiffs "failed to offer any evidence to demonstrate that they diligently pursued their claims prior to filing or joining th[e] lawsuit"); *Quezada v. Capra*, No. 13-CV-8574, 2015 WL 2130217, at *2 (S.D.N.Y. May 6, 2015) (equitable tolling is not applicable where the "description of [the] efforts to pursue assistance within the prison [are] vague" and does not include "details as to what efforts [were] made"). "It is well settled that equitable tolling is to be applied only sparingly."

Doe's brief acknowledges her burden on this issue; in the one sentence Summary of argument, Doe claims "she was not lacking in diligence in pursued [*sic*] her rights". Doe Brief at 9. The brief also notes, when discussing the general

9

principles applied to tolling analysis, that equitable tolling can apply "only if the party acted with reasonable diligence throughout the period he sought to toll." (Internal citations and quotation marked omitted.) Doe Brief at 13. The brief then immediately cites another case, stating that to achieve equitable tolling, "a litigant bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently…" *Id.*, citing *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021).

These three quoted passages, which concede the need for the plaintiff to show diligence pursuit of her rights to meet her burden on equitable tolling, are the only three times "diligence" or similar language is cited in Doe's brief. After acknowledging that showing this diligence is part of her requirements, Doe makes no attempt to then cite facts which meet that requirement. It is certainly not news to the Plaintiff-Appellant that she must show diligence. Rodriguez argued in his memorandum of law in support of motion for summary judgment, filed April 30, 2021, that Doe had no facts which could meet the diligence prong of equitable tolling. No. 3:19-cv-1649-SALM, Doc. 75, at 4-5. The other Defendants' memorandum in support of motion for summary judgment, filed the same day, included the same arguments. No. 3:19-cv-1649-SALM, Doc. 70, at 6-8. The Plaintiff was put on notice that she must show she acted with diligence but has never made an argument as to how she meets that requirement. Her subsequent memorandum of law in opposition to summary judgment restates that the

10

defendants "both argue that plaintiff is not entitled to equitable tolling because Plaintiff was not diligent in her efforts to pursue her rights during the time period she seeks to toll". A37. This is the only time the word "diligent" (or similar) is used in the Plaintiff's opposition; the document never attempts to present facts which could arguably meet that requirement.

The district court took note of this, first noting that the Plaintiff's complaint, even when alleging Rodriguez's alleged threats were "extraordinary" and support equitable tolling, nonetheless never makes any allegations about the Plaintiff pursuing relief. Ruling, SA-12, n. 4. The district court later states, "She has not provided evidence that she acted with diligence in pursuing her claims." *Id.* at SA-20-SA-21. Even after the district court's ruling, the Plaintiff-Appellant's brief makes no effort to argue how her conduct could meet the diligence standard. On this point, the silence is deafening.

It is, in a way, understandable that Doe does not focus on this factor – it is clearly unwinnable for her. This is not a case where the parties will disagree about the steps taken by a plaintiff, whether they were sufficient, whether they were reasonable or evince enough effort. In this case, the facts are clear – the Plaintiff did nothing. She alleges visible marks and injuries at the hands of Rodriguez, but admittedly made no efforts to take photographs or otherwise collect and save evidence of them. A243-44. She made no efforts to log any of the dates or other

11

details of the injuries – she cannot even remember the year of the most significant physical incident she alleges (Rodriguez's alleged burning of her). *Id.* She never made even an anonymous report. A166. Despite seeing doctors, who would be subject to confidentiality requirements, she never informed them of her ongoing abuse or any physical issues related to it. A166-67. Most importantly, Doe had an immigration attorney during this time. A261. She admittedly understood that her attorney was bound to keep their discussions confidential, and if she told him about Rodriguez, he could not share it with anyone without her permission. *Id.* Even when she had an attorney duty-bound to look out for her legal rights and to keep her information confidential, she never disclosed. *Id.* at A262.

If anything, Doe's deposition testimony shows she discarded evidence and hid the fact of her alleged abuse. Doe had a cell phone on which she claims Rodriguez texted her. A266. Instead of preserving this phone and the texts, she claims that when her husband saw the phone in the car, she claimed it could belong to a co-worker or friend who left it in the car and threw it out the car window into a river in Burlington, Connecticut. A266-67. It is illogical to believe Doe did not have the ability to preserve texts or take photographs of alleged injuries on her phone, but did have the ability to throw that phone out the window of a moving car into a body of water.

12

This Court must find that she did not pursue her rights diligently, or at all. The facts of this case, and even the Plaintiff-Appellant's own brief, provide no support whatsoever to find she met this requirement.

## CONCLUSION

For these reasons, the Defendant-Appellant Wilfredo Rodriguez respectfully asks this Court to affirm the district court's grant of summary judgment.

Dated: November 3, 2022

                                        Respectfully Submitted,

                                        WILFREDO RODRIGUEZ

By: /s/ Trent A. LaLima
Trent A. LaLima (ct29520)
Virginia M. Gillette (ct31243)
SANTOS & LaLIMA, P.C.
50 Russ Street
Hartford, CT 06106
860.249.6548
tlalima@santoslalima.com
vgillette@santoslalima.com

13

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure and Second Circuit Local Rule 32.1(a)(4)(A) because it contains 2,997 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: November 3, 2022                    Respectfully submitted,

                                           WILFREDO RODRIGUEZ

                                    By:    /s/ Trent A. LaLima
                                           Trent A. LaLima (ct29520)
                                           Virginia M. Gillette (ct31243)
                                           SANTOS & LaLIMA, P.C.
                                           50 Russ Street
                                           Hartford, CT 06106
                                           860.249.6548
                                           tlalima@santoslalima.com
                                           vgillette@santoslalima.com